**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ZACKERY WARREN SHADWICK**                                       **PETITIONER**
**ADC #129543**

**V.**                    **CASE NO. 5:18-CV-95-BRW-BD**

**WENDY KELLEY, Director,**                                       **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Either party may file written objections with the Clerk of Court within 14 days of the date of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wilson may adopt this Recommendation without independently reviewing the record.

**II.    Background:**

A Johnson County, Arkansas jury convicted petitioner Zachary Shadwick of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child; failing to register as a sex-offender; and entering a school campus as a registered sex-offender. *Shadwick v. State*, 2016 Ark. App. 13, at 1. The Court sentenced Mr.

Shadwick to an aggregate term of twenty-six years in the Arkansas Department of Correction. *Id*. Mr. Shadwick's counsel filed a motion to withdraw as counsel stating that there was no merit to an appeal. *Id*. Mr. Shadwick filed a *pro se* statement of points for reversal and the State responded. *Id*. at 2. The Arkansas Court of Appeals found no merit to an appeal and granted counsel's motion to withdraw. *Id*.

Mr. Shadwick filed a timely petition for post-conviction relief. *Shadwick v. State*, 2017 Ark. App. 243, at 2. The trial court denied the petition. (#2 at 19-26); *Id*. On appeal, Mr. Shadwick argued that his trial counsel was ineffective for failing to change the venue; for failing to object to the State's use of his past criminal history during the guilt and innocence phase of trial which prejudiced him; for not objecting to faulty jury instructions and failing to offer instructions regarding the evidence of other crimes; failing to investigate and present evidence of other crimes; failing to investigate and present evidence to prove his innocence; and failing to challenge the trial court's jurisdiction because he was in Montana at the time of his offenses. *Id*. The Court of Appeals affirmed the trial court's denial of post-conviction relief. *Id*.

### III.   Petitioner's Claims:

On April 9, 2018, Mr. Shadwick mailed his petition for writ of habeas corpus to this Court, and the petition was filed on April 13, 2018. In the petition, Mr. Shadwick claims he was denied counsel to help with his state post-conviction petitions and was denied a hearing on his state post-conviction petition. He also claims that his counsel was ineffective on many counts: (1) failing to seek a change of venue; (2) failing to investigate the case; (3) failing to object at trial; (4) failing to interview witnesses;

2

(5) failing to file proper motions both before trial and during the trial; (6) failing to prepare him for trial; (6) failing to communicate plea offers; (7) failing to object to a juror who was "contacted by the people who had turned all this over to the police;" (8) failing to object to the investigation; (9) failing to cross-examine Mr. Shadwick's ex-wife; (10) failing to inform him of his right to testify; (11) failing to prepare for the sentencing phase of trial or to present mitigating evidence; (12) failing to pay attention at trial; (13) failing to argue that he was not a resident of Arkansas; and (14) failing to object to biased statements of the trial judge. (#2 at 5-11) Finally, Mr. Shadwick claims his state appeal process was hindered because he was not supplied a complete record and trial transcript.

Director Kelley has responded to the petition. (#12) She argues that the petition is barred by the applicable statute of limitations; that Mr. Shadwick procedurally defaulted his claims; and that, in any event, the decision of the Arkansas Court of Appeals denying the claims is entitled to deference.

## IV.  Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the later of, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id*.

The Arkansas Court of Appeals decided Mr. Shadwick's direct appeal on January 13, 2016, and his time to seek review of the decision in the Arkansas Supreme Court expired eighteen days later, on February 1, 2016. ARK. SUP. CT. R. 2-4(a); ARK. R. APP. P. CRIM. 17. Mr. Shadwick did not seek review from the Arkansas Supreme Court. The one-year federal statute of limitations began to run for Mr. Shadwick on February 2, 2016, the day after the time expired for seeking review of the decision handed down by the Court of Appeals. See *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgment becomes "final" on the date that the time for seeking review expires).

A. *Tolling*

The AEDPA provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). Further, the limitations period is subject to equitable tolling if a petitioner is able to show that he pursued his rights diligently, but that some extraordinary circumstances stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The statute of limitations began to toll when Mr. Shadwick properly filed a state petition for post-conviction relief on March 18, 2016, and it continued to toll until the conclusion of his appeal of the order denying Rule 37 relief. *McMullan v. Roper*, 599 F.3d 849, 852 (8th Cir.), *cert. denied*, 131 S.Ct. 602 (2010) (the limitations period is not tolled in the interval between the conclusion of direct review and the filing of a state post-conviction petition).

4

The Arkansas Court of Appeals affirmed the trial court's denial of post-conviction relief on April 19, 2017, and issued its mandate on May 9, 2017. Accordingly, the limitations period began running again on May 10, 2017. Because the statute of limitations had run for 45 days before his post-conviction petition was filed, the limitations period expired 320 days later, on March 25, 2018. Mr. Shadwick did not mail his federal petition until April 9, 2018, over two weeks later. His petition, therefore, is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

The statute of limitations is subject to equitable tolling in cases where the petitioner can establish that some extraordinary circumstance stood in his way of filing a timely petition. *Pace*, 544 U.S. 418. Here, Mr. Shadwick has not specifically alleged an extraordinary circumstance that prevented him from filing a timely petition. Typically, a petitioner's *pro se* status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period do not constitute extraordinary circumstances warranting equitable tolling. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Liberally construing Mr. Shadwick's petition, he argues that his lack of counsel in his state post-conviction proceedings was an "extraordinary circumstance" that justifies equitable tolling under *Martinez*.[1] To the extent Mr. Shadwick looks to *Martinez* for

---

[1] Mr. Shadwick complains that he was not represented by counsel during his state post-conviction proceedings. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the United States

support, however, his reliance is misplaced. While *Martinez* changed the law regarding federal habeas review of *procedurally defaulted* claims, courts have not extended the reasoning in *Martinez* to excuse untimely petitions. Stated another way, the lack of counsel during post-conviction collateral proceedings is not an "extraordinary circumstance" that warrants equitable tolling of the statute of limitations in § 2254 habeas actions. *Lombardo v. United States*, 860 F.3d 547, 555-61 (7th Cir. 2017) (court declined to recognize *Martinez's* framework as a means of establishing extraordinary circumstances for the purposes of equitable tolling); *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that the *Martinez* rule does not apply to the one-year limitations period in § 2254 cases or any potential tolling of that period); *Parkhurst v. Wilson*, 525 F. App'x. 736, 738 (10th Cir. 2013) (*Martinez* does not provide a basis for equitable tolling). Because *Martinez* provides no basis for extending the limitations period, Mr. Shadwick is not entitled to any equitable tolling.

B.  *Actual Innocence*

The United States Supreme Court has held that actual innocence, if proved, also serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court

---

Supreme Court expressly declined to hold that there is a constitutional right to counsel in initial-review, state post-conviction proceedings. *Martinez*, 566 U.S. at 8-9, 14-16.

that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). Mr. Shadwick has not come forward with new evidence of actual innocence so as to overcome the expiration of the statute of limitations.

## V. <u>Certificate of Appealability</u>:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Shadwick has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Shadwick has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## VI. <u>Conclusion</u>:

Mr. Shadwick's petition is time-barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 1st day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

8